IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NUKARRI KEYONTA WILLIAMS,**

    Petitioner,

vs.                                          Case No. 4:12cv450-MCR/CAS

**MICHAEL D. CREWS, Secretary,**
**Florida Department of Corrections,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On August 30, 2012, Petitioner Nukarri Keyonta Williams, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner filed an amended § 2254 petition on January 2, 2013. Doc. 9. Petitioner challenges his conviction and sentence imposed by the Second Judicial Circuit Court, Leon County, on June 8, 2004, following a jury trial. *Id.* at 1-2; Doc. 19 Ex. A at 7-14. Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 19. Petitioner filed a reply, arguing that his § 2254 petition should not be dismissed as untimely on the grounds that he is entitled to equitable tolling and that he is actually innocent. Doc. 21.

The matter is referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule

72.2(B).  The pleadings and attachments before the Court show that the petition is untimely and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts. (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By superseding indictment filed on April 30, 2003, the State of Florida charged Petitioner in Leon County Circuit Court case number 03972AF with two counts: (1) first degree murder of one person; and (2) attempted first degree murder of another person. Doc. 19 Ex. A at 2-3.  On June 7, 2004, Petitioner proceeded to a jury trial, and the jury found him guilty as charged on both counts.  *Id.* at 4-6.  On June 8, 2004, the circuit court adjudicated Petitioner guilty and sentenced him to life in prison on both counts.  *Id.* at 7-14. "The life sentence imposed for the Attempted Murder included a minimum-mandatory life-term pursuant to the 10-20-Life Statute."  Doc. 19 Ex. F at 25.

On June 25, 2004, Petitioner filed a direct appeal in the First District Court of Appeal (DCA), assigned case number 1D04-2855.  Online docket for 1D04-2855 at www.1dca.org. In a written opinion issued on July 11, 2006, the First DCA affirmed the convictions and sentences.  Williams v. State, 932 So. 2d 1233 (Fla. 1st DCA 2006); online docket for 1D04-2855 at www.1dca.org.

On or about July 15, 2007, Petitioner filed a habeas petition in the First DCA, alleging ineffective assistance of appellate counsel.[1]  Online docket for 1D07-3907 at

---

[1]Respondent notes that the petition alleging ineffective assistance of appellate counsel was docketed in the First DCA on July 25, 2007, but Respondent could not obtain a copy of the petition.  *See* Doc. 19 at 4.  Respondent thus assumes that the petition was submitted for mailing ten days earlier, on July 15, 2007.  *See id.*  As such and in the absence of additional information, the following analysis also treats the petition alleging

www.1dca.org.  On September 12, 2007, the First DCA dismissed that petition by order dated September 12, 2007, and denied Petitioner's motion for rehearing on December 12, 2007.  Doc. 19 Ex. C at 4; online docket for 1D07-3907 at www.1dca.org; Doc. 19 Ex. C at 5.

On June 4, 2008, Petitioner filed a post-conviction motion in the state circuit court pursuant to Florida Rule of Criminal Procedure 3.850.  Doc. 19 Ex. D at 1-50.  The circuit court denied that motion on June 19, 2008, without holding an evidentiary hearing.  *Id.* at 51-55.  On July 15, 2008, the circuit court denied Petitioner's motion for rehearing, and on August 10, 2008, Petitioner appealed to the First DCA.  *Id.* at 138; Doc. 19 Ex. D at 139-40; online docket for 1D08-4119 at www.1dca.org.  That court issued a per curiam affirmance without opinion on February 25, 2009, denied Petitioner's motion for rehearing on April 14, 2009, and the mandate issued on April 30, 2009.  Doc. 19 Ex. E at 1; Williams v. State, 6 So. 3d 61 (Fla. 1st DCA 2009) (table); online docket for 1D08-4119 at www.1dca.org; Doc. 19 Ex. E at 2.

On November 8, 2011, Petitioner filed a motion to correct an illegal sentence in the state circuit court pursuant to Florida Rule of Criminal Procedure 3.800, claiming "that the sentence imposed for the Attempted Murder [was] illegal because the indictment supporting his charge did not allege that his actions resulted in 'great bodily harm[,]' " and thus, that the appropriate minimum-mandatory term for his sentence as to the second count is twenty years.  Doc. 19 Ex. F at 1-17, 25.  On June 6, 2012, the circuit court, noting that Petitioner was "partially correct," ordered that "the minimum-mandatory life-term of his sentence . .

---

ineffective assistance of appellate counsel as if Petitioner submitted it to prison officials for mailing on July 15, 2007.

. be replaced with a 20-year minimum-mandatory term." *Id.* at 25. The court clarified, however, that Petitioner's "general life-term of incarceration could have been imposed for the reclassified life-felony of Attempted First-Degree Murder with a firearm, and therefore that term need not be disturbed." *Id.* at 25-26. The court also noted, "inasmuch as the charging document and jury verdict not only sustain, but compel the imposition of a 20-year minimum-mandatory term under the 10-20-Life Statute, correction of [Petitioner's] sentence is completely ministerial in nature and requires no formal hearing." *Id.* at 26. As such, the court ordered an amendment of Petitioner's "sentencing document for count two, reflecting a minimum mandatory term of 20 years for discharging a firearm" under the relevant statute and noted that "[a]ll other aspects of [Petitioner's] sentence shall remain the same." *Id.* Petitioner appealed to the First DCA on June 15, 2012, and that court issued a per curiam affirmance without opinion on September 24, 2012. *Id.* at 38-39; Williams v. State, 97 So. 3d 830 (Fla. 1st DCA 2012) (table); online docket for 1D12-3063 at www.1dca.org. The mandate issued on October 22, 2012. Online docket for 1D12-3063 at www.1dca.org.

In the meantime, on October 11, 2012, Petitioner filed a petition in the First DCA seeking a belated appeal. Doc. 19 Ex. H at 1-32. On November 13, 2012, the court per curiam denied Petitioner's petition seeking belated appeal. Williams v. State, 100 So. 3d 1218 (Fla. 1st DCA 2012); Doc. 19 Ex. I at 1.

As indicated above, Petitioner filed his § 2254 petition on August 30, 2012, which he amended on January 2, 2013. Doc. 1; Doc. 9. Petitioner raises several grounds, arguing that his trial counsel was ineffective and that his life sentence for the attempted first degree murder count illegally exceeds the twenty-year minimum-mandatory term under the relevant statute. Doc. 9 at 6-59.

Respondent filed a motion to dismiss the amended § 2254 petition as untimely and also argues that Petitioner is not entitled to equitable tolling. Doc. 19. Petitioner filed a reply on December 6, 2013, conceding that his § 2254 is untimely, but arguing that his § 2254 petition should not be dismissed because he is entitled to equitable tolling and is "actually innocent" of the substantive offenses. Doc. 21.

## Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[,]" though there are later commencement dates. *Id.* at § 2244(d)(2).[2] The limitations period is tolled for the time during which a "properly filed" application for postconviction relief or other collateral review is pending in state court. *Id.*

Petitioner's conviction became final and triggered the AEDPA limitations period when the time for seeking certiorari review in the U.S. Supreme Court expired on October 9, 2006, ninety days after the First DCA's opinion issued July 11, 2006, affirming his judgment and sentence. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. Petitioner filed his motion for ineffective assistance of appellate counsel in the First DCA on July 15, 2007, 280 days into the AEDPA limitations period. *See supra* page 2. This tolled the limitations

---

[2]Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)–(D). Petitioner does not argue any of the foregoing exceptions apply.

Case No. 4:12cv450-MCR/CAS

period until that court denied Petitioner's motion for rehearing on December 12, 2007.  *See supra* page 3; *see also* Lawrence v. Florida, 549 U.S. 327, 332 (2007) ("State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open.").  The AEDPA clock ran for eighty-five more days until it expired on March 5, 2008.  Absent a later commencement date or other tolling activity, by the time Petitioner filed his Rule 3.850 motion in the state circuit court on June 4, 2008, no AEDPA time remained to be tolled.  *See, e.g.*, Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").  Petitioner did not file his § 2254 petition until August 30, 2012, over four years after the one-year AEDPA limitations period ended.

The state circuit court's order partially granting Petitioner's Rule 3.800 motion to correct an illegal sentence did not restart the AEDPA limitations period.  "AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final."  Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007).  "[W]hen a petitioner is resentenced after AEDPA's one-year statute of limitations has expired for the original judgment of conviction and sentence, the judgment entered upon resentencing constitutes a new judgment holding the petitioner in confinement."  Murphy v. United

States, 634 F.3d 1303, 1311 (11th Cir. 2011). "A new judgment resets the statute of limitations clock and a petitioner may challenge both the underlying conviction and the resentencing." Id.

Here, the state circuit court's order partially granting the Rule 3.800 motion did not constitute a resentencing. See Richardson v. Gramley, 998 F.2d 463, 465 (7th Cir. 1993) ("A judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely 'ministerial' purpose[.]"); United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002) (noting that "finality is not delayed if an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid second appeal") Young v. Tucker, No. 3:11cv251-MCR/EMT, 2012 WL 1605893, at *3 n.2 (N.D. Fla. Mar. 20, 2012) (correction of written judgment to reflect that count two was a first degree felony instead of a life felony was merely correction of a clerical or scrivener's error, not a resentencing, and thus did not restart the one-year limitation of § 2244(d)); see also Murphy, 634 F.3d at 1313 ("[O]nce a sentence is imposed, it is a valid final judgment until it is reversed or vacated." (citing Berman v. United States, 302 U.S. 211, 212-14 (1937))). The circuit court did not set a resentencing hearing because it ordered only an amendment of the sentencing document to reflect a twenty-year minimum-mandatory term instead of a minimum-mandatory term of life in prison. Additionally, the circuit court did not change Petitioner's actual sentence, and it did not enter a new judgment with respect to his sentence. Therefore, the AEDPA limitations period did not restart when the state circuit court partially granted Petitioner's Rule 3.800 motion to correct an illegal sentence, and thus, the § 2254 petition is untimely.

Petitioner argues that he was unable to timely file his § 2254 petition, and thus, that he is entitled to equitable tolling because his collateral counsel "abandoned" him by not filing his Rule 3.850 motion before the AEDPA limitations period expired. *See* Doc 21 at 4-5. A petitioner is entitled to equitable tolling only if he shows that some extraordinary circumstance stood in his way, preventing timely filing, and that he has been pursuing his rights diligently. <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (citing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).

For Petitioner to show that his counsel's alleged neglect constitutes an extraordinary circumstance, he must show that such neglect rose to the level of "abandonment." *See* <u>Maples v. Thomas</u>, 132 S. Ct. 912, 924 (2012). Abandonment requires "absolute renunciation or withdrawal, or a complete rejection or desertion of one's responsibilities, a walking away from a relationship." <u>Cadet v. Fla. Dep't of Corr.</u>, No. 12-14518, 2014 WL 341050, at *10 (11th Cir. Jan. 31, 2014) (citing <u>Maples</u>, 132 S. Ct. at 912). Although Petitioner claims that his collateral counsel "abandoned" him by not filing a Rule 3.850 motion on his behalf, the record indicates that Petitioner did not pay collateral counsel's fees, and thus, that Petitioner did not make sufficient payments for collateral counsel to finish drafting his Rule 3.850 motion. *See* Doc. 19 Ex. H. at 17. Collateral counsel sent Petitioner several letters[3] explaining the terms of their agreement, clarifying that Petitioner

---

[3]Petitioner's collateral counsel stated to Petitioner in a letter dated September 24, 2007, "it appears that you are unable to afford further legal services. . . . . We have sent you our detailed legal research worksheets from which you have drafted a pro se petition for ineffective assistance of appellate counsel, . . . we have taken your petitions and had them digitized and have converted them to word processing documents, we have traveled to Tallahassee and visited with your family and assisted them in reviewing the court file in its entirety, we have provided you with . . . a complete inventory of your court file, and we have had phone conferences with you. Thus, all monies previously advanced have been fully earned." Doc. 19 Ex. H at 18.

should file his Rule 3.850 motion pro se or hire new counsel, and notifying Petitioner of his delinquent payments. See id. at 17-19. Collateral counsel also reminded Petitioner when the limitations period for his Rule 3.850 motion would expire. See id. at 19. Additionally, Petitioner has not provided an attorney contract or any other correspondence to support his claims.

Even assuming Petitioner is entitled to tolling during the time he had collateral representation, Petitioner does not show that he thereafter diligently pursued his rights under § 2254. Petitioner had over five months from the time that his collateral counsel withdrew representation on September 26, 2007, to file a Rule 3.850 motion before his AEDPA limitations period expired on March 5, 2008. Additionally, Petitioner waited over two years after his Rule 3.850 proceeding concluded before filing his § 2254 petition. See Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 n.7 (11th Cir. 2004) (expressly refusing to consider petitioner's extraordinary circumstances argument in light of his unexplained 534-day delay in filing his § 2254 petition). Petitioner does not show extraordinary circumstances or diligence in pursuing his rights under § 2254, and thus, he is not entitled to equitable tolling.

Petitioner also argues that his § 2254 petition should not be dismissed as untimely because he is "actually innocent." A litigant can overcome the AEDPA's one-year limitations period by showing actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1943 (2013). To show actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner claims that he is actually

innocent without providing any new, reliable evidence to support his claim.  *See* <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1172 (11th Cir. 2001).  Thus, Petitioner does not demonstrate an actual innocence claim and dismissal of his § 2254 claim is proper.

## Conclusion

The § 2254 petition is untimely.  Additionally, Petitioner does not demonstrate that he is entitled to equitable tolling or that he is actually innocent.  Thus, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing (citation omitted)).[4]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing

---

[4] It is recommended that the petition be dismissed solely on the procedural basis of timeliness.  As a result, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484 (emphasis added).

that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 19) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (Doc. 9) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**DONE AND ORDERED** on March 12, 2014.

**S/   Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**
